COHN VS. HAGER.

1. PLEADING: *Time of objecting to the sufficiency of.*
   Where a defendant files an answer and goes to trial on the issue formed without objecting to the legal sufficiency of the complaint, he cannot do so for the first time in this Court, even if the pleadings are technically insufficient.

2. LIEN: *Of material man how asserted.*
   The object of ch. 112 Gould's Digest prescribing the manner of asserting the liens therein provided for, was to enable the party entitled to the lien to assert and fix the date thereof before suit, so as to give it priority over subsequent liens.

3. *Semble* that the lien of the material man does not depend upon contract with the owner of the improvement, but grows out of the use of the material furnished, and the attaching·them to the freehold.

Cohn vs. Hager.

APPEAL from *Pulaski* Circuit Court.

Hon. JOHN WHYTOCK, Circuit Judge.

*M. A. Cohn,* for appellant.

*Farr,* contra.

WALKER, J.:

Hager brought suit in the Pulaski Circuit Court, upon an account for materials and lumber furnished and used in building a dwelling house and out houses for Cohn, and asserted his claim to a lien upon lots eleven and twelve, in block ten, in the City of Little Rock; and the buildings erected thereon, for the value of the lumber furnished by him as a material man.

The defendant, in his answer, positively denied that the plaintiff sold, furnished or delivered to him, any lumber or materials to be used in erecting buildings for him. Denied that he was indebted to the plaintiff in any sum whatever, or that he promised to pay. plaintiff for any lumber or materials, claimed in plaintiff's complaint to have been sold or delivered by plaintiff. But states that he and his wife contracted with W. Manson to build a house for his wife. That the house was to be completed and delivered according to a written contract, at his (Manson's) sole expense, free from any incumbrance of laborer's or mechanic's lien, of his employees, or merchants, or lumber dealers.

That Manson was not his agent, and that if materials were furnished by plaintiff, they were furnished to Manson—and denies the existence of a lien upon the house.

To try this issue a jury was called, who after having heard the evidence and the instructions of the Court, found a verdict for the plaintiff; upon which judgment was rendered.

A motion for a new trial was filed by defendant, upon the ground that the verdict was excessive. That it was contrary to the evidence, and that the Court erred in giving instructions to the jury.

These are the material grounds for a new trial.

The evidence and the instructions are properly of record, by bill of exceptions.

It is contended for the defendant, that the plaintiff has failed to state in his complaint, a cause of action with such averments as entitle him to the benefit of a lien on the building, erected in part out of materials furnished by plaintiff, and on the lots of ground on which it was erected.

The statement or complaint consists of several paragraphs, in which there is set forth, an indebtedness upon an account of $312.63 for lumber and materials sold and delivered by plaintiff to defendant, as per account filed, showing the credits to which defendant is entitled, and that the balance due and unpaid is that above stated.

The 2nd paragraph is as follows:

The plaintiff further states that the lumber and materials were used by the defendant in building and erecting a dwelling house on lots numbered eleven and twelve, in block numbered ten, in the City of Little Rock, Arkansas.

3rd. The plaintiff further states that he is a material man, and as such furnished said lumber and materials to the defendant, and that the defendant promised the plaintiff to pay him for the same. That plaintiff has by law a lien on the house and lots for payment of said debt.

The account was filed with the declaration, and was sworn to.

Now when we take the declaration and the account together, we find all the substantial statutory requisites to entitle the plaintiff to a lien, complied with. The debt—upon what account it accrued—that the lumber and material were used in erecting a dwelling on certain lots of lands, describing them; that plaintiff was a material man, and as such furnished lumber and materials to defendant, for which defendant promised to pay, and that he

has by law, a lien on the house and lots for the payment of his debt, all appear. These statements, with the account sworn to and filed, contain all the substantial facts necessary to entitle the plaintiff to judgment for his debt, and a lien on the building and lots on which it was erected, for its payment.

If the defendant had doubted the sufficiency of the pleading he should have demurred, and brought the question of its legal sufficiency before the Court, but instead of this, he has treated them as sufficient in law to put him to answer, and having answered, and gone to trial upon the issue formed, even if the pleadings were technically insufficient, the question cannot for the first time be raised in this Court.

We have carefully considered the provisions in Gould's Digest chapter 112, which provide for filing an account, and having an abstract of it entered upon the judgment docket, and of the after proceedings thereon by *scire facias.*

The object and purpose of these provisions evidently were in advance of suit, to enable the mechanic or other party entitled to a lien to assert it, and fix its date, so as to create a preference, from the time it is so entered upon the judgment docket, over subsequent liens, which becomes more apparent when we consider the 26th section in connection with other provisions of the statute.

This right of lien is secured to the plaintiff under the provisions of the act approved 12th April, 1869, which is declared to be in amendment of the 1 sec., ch. 112 Gould's Digest.

The act in express terms, gives to "all persons who shall furnish any materials for any building, edifice or tenement, whether under written or verbal contract, if unpaid for the same, an absolute lien on such building, edifice or tenement for such materials furnished."

By reference to defendant's answer it will be seen that he utterly denies ever having contracted with plaintiff for materials, with which to build, or having authorized any one to contract for him, or any promise to pay plaintiff for materials furnished. Indeed this may be considered his main ground of defence. Whether such was, or not the case, was a matter of fact to be determined by the jury from the evidence.

Without undertaking to say, in any case, whether it would or not be necessary to prove a contract between the owner of a building, and those who are employed to work upon, or to furnish materials out of which to build, there is not wanting authority for holding that the lien right does not grow out of the contract, but out of the use of the materials furnished; it is the putting them upon, and attaching them to the freehold that give the right of lien.

If in every instance it was required that mechanics, laborers, and those who furnish materials at the instance of the contractor, should also contract with the party having the building erected, the provisions made for the protection of all this most deserving class, would be comparatively worthless.

Houck, in his work on liens, says: "Though material men are not mechanics, their rights are protected under the mechanics' lien laws, and they have a lien for materials furnished, for in contemplation of law the materials are delivered on the credit of the building and real estate." Sec. 3rd, page 106.

In the case of *Hunter* v. *Blanchard*, 18 Ill. 323. CATON, CH. J., says: "It is then, not the contract which creates the lien under the statute, but it is the use of the material furnished upon the premises, the putting them up and attaching them to the freehold, which entitles the party furnishing the materials to a lien upon the premises to the extent of their value." "It is immaterial," says *Houck*, page 112, "in most of the states, whether

the materials are charged to the owner or contractor. The lien attaches as we have already remarked to the house and the real estate, and even if materials are charged to the contractor this will not change the matter."

In the case under consideration, Cohn contracted with Manson to erect for him a certain building; the building was to be completely finished, and the keys delivered to Cohn, free from all costs, charges, or liens for a certain sum of money.

The plaintiff furnished the lumber to Manson, charged it to him in his book, after some of the lumber had been delivered. It is in evidence that the plaintiff declined to deliver any more lumber unless Cohn should agree to become bound for its payment. That he sent to know what he should do, and received in reply that Cohn would be responsible. There is also the evidence of Manson, that upon an occasion when he applied to Cohn for pay for erecting the building, Cohn refused, and said that he had plaintiff to pay for materials furnished. Cohn, who gave evidence in the case, positively denies this; denies that any such conversation ever took place. There is a palpable conflict between the evidence of the witnesses upon this point. The evidence of the witnesses whose testimony tends to prove an agreement on the part of Cohn to pay, or become bound for the lumber, is far from satisfactory, whilst that of Cohn is distinct and emphatic, that no agreement was ever made by him to become bound for the lumber furnished. But as there was evidence given to the jury upon this point, and as it was peculiarly their province to weigh the evidence, and to determine the credit to be given to the witnesses, under the repeated decisions of this Court, we must decline to set aside the judgment, and grant a new trial for this cause, even conceding it necessary, that proof of a promise to pay, by Cohn, was in this case necessary.

The Court below instructed the jury that, "if they found from the testimony that there was a contract, either express or implied, between the plaintiff and the defendant for the purchase of said lumber, and that the same was used in building and erecting the house of defendant, then they could find for the plaintiff, and might further find that he was entitled to a lien on said house, if they believed that the lumber was furnished by plaintiff as a material man, and of which contract defendant was privy."

We can see no valid grounds of objection to these instructions. They are certainly as favorable to the defendant as was possible under the state of case.

The question as to whether or not Cohn contracted with the plaintiff for the lumber furnished, or agreed to pay him for it, or became responsible for it, was the only question of contest in the evidence; all of the other facts in issue were sufficiently proven.

Thus considering the questions presented, we think that the Court below did not err in refusing to grant to the defendant a new trial.

Let the judgment be in all things affirmed.