Gilman *v.* Disbrow.

————•◆•————

CHARLES M. GILMAN AND WIFE *vs.* WILLIAM A. DISBROW
AND ANOTHER.

A husband having a life estate in a house and land connected therewith of which his wife owned the fee, contracted with the petitioners, who were builders, to construct two small buildings and two hundred feet of fence on the land. They erected the buildings and fence, with the knowledge and consent of the wife, who with her husband lived in the house, but with no contract with or request from her, and the husband had no authority and did not assume to act as her agent in the matter. Held that the petitioners were entitled to a lien only upon the life estate of the husband.

WRIT OF ERROR from a judgment of the Court of Common Pleas of Fairfield County to this court, to reverse a decree of that court in favor of the defendants in error upon a petition brought by them against the plaintiffs in error, for the foreclosure of a builders' lien. The case is fully stated in the opinion.

*C. Thompson*, for the plaintiffs in error.

*G. Stoddard*, for the defendants in error.

PARDEE, J. The statute provides that "every building in the construction and repairs of which or any of its appurtenances any person shall have a claim for materials furnished or services rendered exceeding twenty-five dollars in amount, by virtue of an agreement with or by consent of the owner of the land upon which such building is erected, or some person having authority from or rightfully acting for such owner in procuring or furnishing such labor and materials, shall, with the land upon which the same may stand, be subject to the payment of such claim; and such claim shall be a lien, &c." Gen. Statutes, page 359, and Session Laws of 1875, page 9.

In 1875 Disbrow & Wheeler, defendants in this writ of error, erected upon a piece of land situated in the town of Southport two hen-houses of wood, one thirty by sixteen, the other ten by sixteen feet, each standing upon a stone foundation; also two hundred feet of fence. Mary B. Gilman, one of the plaintiffs in this writ, owned the fee of the land; her co-plaintiff, her husband, is entitled to the use and improvement thereof during his life; they lived together in the dwelling-house upon the land. The materials were furnished for, and the work was performed upon these structures upon an agreement made with the husband; the wife made no contract or request in reference to the matter; she knew that the defendants were furnishing the materials and doing the work, and by making no objection consented to its being done. Upon the completion of the structures they filed a certificate of lien upon the land for $446. The debt not being paid,

they brought a petition for foreclosure to the Court of Common Pleas for Fairfield County at the February term, 1876, in which they alleged that the wife was indebted to them in the foregoing sum for materials furnished and labor performed at her request, and asked that she should be barred unless she paid the debt. The court, at the June term, 1876, granted the prayer of the petition, and decreed a foreclosure against her unless she should pay on or before the first Monday in April, 1877. She did not pay, and has brought this writ of error to the Supreme Court at the September term, 1877, assigning errors as follows: that the petition is insufficient in the law; that upon the facts found it should have been dismissed; that the facts are insufficient; that they do not support the allegations, nor the decree; and that the wife is neither liable to pay nor to be foreclosed.

There were two estates in the land—the life estate in present use, in the husband; the fee, in abeyance, in the wife. His estate he could convey or mortgage, and it could be taken on execution under certain circumstances; he had the right to increase the profit from its use by erecting these structures. Within the meaning of this act he is the owner of his particular estate; the wife is the owner of the fee; and the lien is to attach only to that estate of which the person making the contract is the owner. The wife's fee is not to be subjected to this statutory mortgage unless she made an agreement with, or requested the defendants to furnish the materials and perform the labor. The fact that she saw them doing it, and by making no objection assented to its being done, does not impose an implied promise upon her. There is nothing in the finding tending to show either that the structures were erected for the improvement of her reversion or that they were calculated to have that effect; indeed, their character and their purpose, that of breeding fancy poultry, alike suggest present and temporary rather than future and permanent use; suggest advantage only to the present estate in the husband. In view of this she may well have supposed, in the absence of any express promise or request from herself, that the defendants had made such arrangements with him as to

payment, as to induce them to forego any lien upon her fee and rely solely upon his personal credit or upon the security of his life estate. As a pre-requisite to the lien she should herself either have made the contract or have consented to the performance of the work after information from them that it was not to be done upon the personal credit of the husband, nor upon the credit of his life estate, but upon the credit of her fee, and that this last would be subjected to a lien in default of payment. And, as we may assume that these structures would add to the profit of the life use, it is to be presumed that the husband was acting solely for himself and for the benefit of his particular estate, until it is made to appear that he was acting in fact as the agent of the wife.

Inasmuch as the contract was with the husband solely, the decree complained of is erroneous in that it runs against the wife and her estate.

The judgment must be reversed and the decree annulled.

In this opinion the other judges concurred.