Walker v. Jessup, ad.

2. Practice: All interested must be parties.

## WALKER v. JESSUP, AD.

1. CHANCERY PRACTICE: *Foreclosure on administrator's sale of land.*

A bill by an administrator against a purchaser of land sold by him under an order of the Probate Court, for foreclosure and sale of the land for the purchase money bid at the sale, must allege that the sale has been confirmed by the Probate Court. Courts can not presume that such a sale has been confirmed.

| 43 | 163 |
| 56 | 220 |
| 43 | 163 |
| 62 | 155 |
| 43 | 163 |
| 66 | 117 |
| 43 | 163 |
| d70 | 9 |
| 43 | 163 |
| 73 | 495 |

2.  SAME ;   *Decree of foreclosure :   Tender of deed.*

Chancery will not decree for an administrator, against the pur-
chaser, a foreclosure and sale of land for the purchase-price, with-
out requiring the administrator to bring into court a deed to the
purchaser for the land.

3.  MARRIED WOMAN ;   *Capacity to contract.*

Neither the Act of April 28, 1883, nor Sec. 7, Art. IX, of the Con-
stitution of 1874, nor any subsequent legislation expressly en-
larges the power of married women to contract *generally ;* though
by implications of that statute she may charge her separate es-
tate, and bind, in equity, a new estate acquired by purchase ; and
the provision authorizing her to carry on any trade or business
on her sole and separate account may imply the power to. make
contracts in relation to it, and to execute notes and bills upon
which she would be personally liable.

APPEAL from *Yell* Circuit Court.

Hon. G. S. CUNNINGHAM, Circuit Judge.

*Harrison & Crownover* for appellant.

1.  The sale was never reported to nor confirmed by
the Probate Court, nor was any deed brought into court.
38 *Ark.*, 80, 81.

2.  A married woman cannot bind herself by promis-
sory note or writing obligatory to pay for land.  *Challa
v. Temple 39 Ark.*; 29 *Ark.*, 351 ; 35 *Ark.*, 365.   Nor has the
Constitution of 1874, nor the married woman's Act since,
enlarged her power to contract.   She may *convey* as a
*feme sole,* but cannot bind herself by executing contracts.
38 *Ark.*, 57 ; 36 *Ib.*, 555, 386, 367 ; *Felkner v. Fighe,* 39 *Ark.*
See also 35 *Ark.*, 365 ; 33 *Ib.*, 265 ; 32 *Ib.*, 446 ; 36 *Ark.*,
356.

One who signs a note with a married woman is the
only party bound.  *Am. Law Reg.*, 1878, *p.* 202.  A judg-
ment *in personam* cannot be rendered against a married

woman to charge her separate estate. *Myers Ky. Code Pr.* 292 *top (E.)* 9 *Reporter,* 378.

3. The sale was not made in accordance with law. *Sec.* 2679 *Gantt's Dig.* It was not at the court house door or on the premises.

*L. C. Hall,* for appellee.

The failure to allege the confirmation of the sale was not objected to below (in fact, such approval was admitted) and therefore waived. 35 *Ark.,* 111 ; *Newman's Pl. & Pr., p.* 475.

Under the Const. 1874, a married woman has the right to acquire and convey real estate as a *femme sole.* She may bind herself or her separate property for her own peculiar benefit. The note sued upon was for the purchase-money, and a judgment on the same may be enforced against her separate property. 39 *Ark.,* 238 ; 33 *Ark.,* 265. The intention to charge her separate estate may be inferred. 5 *Am. Reports,* 675. No duress is shown. *Parsons on Cont. Vol.* 1, *p.* 392 ; *Chitty on Cont. p.* 208.

SMITH, J. Jessup as admistrator of the estate of one Harrell, filed this bill in Chancery against Mrs. Walker, alleging that he, in his representative character and by virtue of authority from the Probate Court, had exposed to sale by public auction upon a credit, certain lands of his intestate ; that the defendant became the purchaser at the price of $1280, receiving a certificate of purchase, and executing her bond for the purchase-money with her husband and another as sureties ; that the term of credit had expired and nothing had been paid. The prayer was for a personal judgment against the defendant and for a decree of foreclosure and sale.

Mrs. Walker, in her answer, admitted the purchase and the execution of the bond, as stated in the bill, but plead-

ed her coverture in defence and further that she had
acted in the matter under coercion of her husband.

Depositions were taken which tended to prove that
Walker and his wife were on bad terms, and that she had
bid for the lands—a portion of her former husband's es-
tate—in deference to his wishes and for fear of disoblig-
ing him.

The Circuit Court rendered a judgment against Mrs.
Walker for the principal and interest of the bond and
condemned the lands to be sold for its satisfaction.

1. Bill to foreclose on administrator's sale: Necessary allegations. The bill did not allege, as it should have done, that the
sale had been reported to and confirmed by the Probate
Court, which had ordered it. It was a judicial sale and
confirmation was necessary to its validity. Courts are
not at liberty to presume that such a sale has been con-
firmed. And if it had been shown that the sale had been
2. Decree of foreclosure: Tender of deed. duly confirmed and that the plaintiff was empowered to
convey to the defendant the decedent's interest in the
lands, the Court should, before decreeing foreclosure,
have required the plaintiff to bring the deed into court.
*Bell v. Green*, 38 *Ark.*, 78.

3. MARRIED WOMAN: Liability on her contracts. Moreover, a personal judgment was rendered against
Mrs. Walker. She was not legally liable upon her pur-
chase-bond, although the land in her hands may be, as
also her sureties, who are not before the court. *Bedford
v. Burton*, 106 *U. S.*, 338; *Gardner v. Burnett*, 36 *Ark.*, 476;
*Unangst v. Fitler*, 84 *Pa. St.*, 135.

There was no law in force in this State at the date of
this transaction (1879 or 1880) which enabled a married
woman to buy real estate on a credit and bind herself
personally for its payment. The Act of April 28, 1873
(*Gantt's Dig. Secs.* 4192 to 4200) the provision in the Con-
stitution of 1874 (*Art. IX, Sec.* 7) and the subsequent leg-
islation were designed to secure to married women the

Walker v. Jessup, ad.

separate use and disposition of property which would otherwise pass to their husbands. They do not expressly enlarge the wife's capacity to contract generally; although doubtless the statute carries with it the fair implication to charge her separate estate, if she has one, or even to bind in equity the new estate acquired by purchase. So the provision authorizing her to carry on any trade or business on her sole and separate account may imply the power to make contracts in relation to the business and to make notes and bills upon which she would be personally responsible; since it would be a vain and useless thing to give the power to engage in business without the right to conduct it in the way and by the means usually employed. Compare on this subject 2 *Bishop on Married Women*, Secs. 80 *to* 88, 232 *to* 236, 249–50 ; *Knapp v. Smith*, 27 *N. Y.*, 277; *Tale v. Dederer*, 18 *Id.*, 265, *and* 22 *Id.*, 450; *Ballin v. Dillaye* 37 *Id.*, 35; *Frecking v. Roland*, 53 *Id.*, 422.

But the purchase or sale of real estate is not a separate business within the meaning of the statute, which relates to mechanical manufacturing or commercial pursuits. *Nash v. Mitchell* 71 *N. Y.*, 199.

We have not discussed the question of marital coercion. The court below seems to have been of opinion that the facts disclosed did not amount to duress. And this is doubtless true, although we have not considered that branch of the case very attentively. What we have said will probably be sufficient to dispose of all issues that have arisen, or are likely to arise.

The decree is reversed and cause remanded, with leave to the parties to amend their pleadings, if so advised, and for further proceedings. Upon confirmation of the sale by the Probate Court and the production in court of a sufficient deed, the plaintiff will be entitled to a decree; but the relief must be limited to the land, so far as Mrs. Walker is concerned.