HOFFMAN *v.* McFADDEN.

Opinion delivered May 16, 1892.

1. *Mechanic's lien—Based on contract.*

Under the statute creating a lien for work done or materials furnished in making improvements on real property, the lien exists only where the labor is performed or materials furnished under contract, express or implied, with the owner of the land, or with "his agent, trustee, contractor or sub-contractor." Mansf. Dig. sec. 4402.

2. *Married woman—Capacity to contract.*

A married woman may make a contract for the improvement of her separate property, and such contract may be the basis of a mechanic's lien for labor or materials.

3. *Mechanic's lien—Married woman—Agency.*

The contract of a husband to improve his wife's property will not bind her so as to subject her property to a mechanic's lien unless he was authorized to contract as her agent; and his authority will not be implied from the marital relation or from the fact that he manages her real estate, nor be inferred from her knowledge that he is causing her land to be improved or from her consent thereto.

Appeal from Jefferson Circuit Court in Chancery.

JOHN M. ELLIOTT, Judge.

*W. P. & A. B. Grace* for appellant.

1. There is no proof of a contract with appellant.

2. The agency of the husband being denied, the burden was on appellee to prove it. They have not done so. The contention that the marital relation constituted the husband the agent of the wife is in conflict

with the authorities. Kelly, Cont. Mar. Women, secs. 22, 23; 41 Ark. 177; Jones on Liens, secs. 1263–6.

3. There is no proof of ratification by the wife.

4. She is not estopped by silence, nor by her acts. 50 Ark. 128 ; 3 Smith's Lead. Cases, 2114 ; 44 Oh. St. 485 ; 61 N. H. 95 ; Bisp. Eq. secs. 290–1 ; 143 Mass. 413 ; 69 Cal. 255 ; 111 Ill. 518 ; 145 Mass. 134 ; 76 N. Y. 50 ; 107 U. S. 20.

5. There must be a contract between the owner of the lot and some other person for the erection of the house or the purchase of materials, and this fact being established and labor performed or materials furnished in pursuance of such contract, the lien is created. This is the true intent and meaning of 30 Ark. 25; Mansf. Dig. sec. 4402 ; Phillips, Mech. Liens, secs. 9, 65 ; 5 Ark. 218 ; 25 *id.* 491 ; 44 *id.* 485 ; 32 *id.* 60 ; 17 *id.* 483 ; 89 Ill. 139 ; Jones on Liens, sec. 1235.

6. In early cases the power of a married woman to encumber her separate estate with a mechanic's lien for improvements was denied. See 8 Ark. 366 ; 10 Lea (Tenn.), 452 ; 15 Am. & Eng. Enc. Law, p. 13, n. 1 ; Jones, Liens, sec. 1261 and cases. If later rulings in this State have changed this rule, still the contract and the intent to charge the separate estate must be clearly proven. 46 Md. 357 ; 58 N. H. 185 ; 41 Ark. 177 ; 72 Am. Dec. 512, notes.

7. The contract of the husband cannot create a mechanic's lien upon the estate of the wife. 45 Conn. 563 ; 49 Ill. 53 ; 38 Ind. 482 ; 44 *id.* 290 ; 26 Iowa, 297 ; 42 Mich. 389 ; 8 Mo. App. 446 ; 36 N. Y. 293 ; 55 Pa. St. 386 ; 3 Head, 542 ; 33 Vt. 457 ; 43 Wis. 556 ; Jones on Liens, sec. 1262 ; Phillips, Mech. Liens, sec. 101 ; 15 Am. & Eng. Enc. Law, p. 12, sec. 3.

*White & Woolridge* and *W. S. McCain* for appellee.

1. An agency is often implied merely from the circumstances of the case and the relationship of the parties.

The wife was the party benefited ; she was present, saw the work progressing, gave directions, but gave no intimation that the building was without her consent. 2 Gr. Ev. 108.

2. By our statute the presumption is that the husband was acting as agent or trustee of the wife. Mansf. Dig. sec. 4637 ; *ib.* sec. 4482.

3. This is purely a statutory question, and in States where the statute is as liberal as ours, the ruling is that the husband in such cases is presumed to act as agent of the wife. 95 Penn. 403 ; 46 Neb. 220 ; 44 N. W. Rep. 1136 ; 3 Neb. 449 ; 13 *id.* 521 ; 62 Ala. 252 ; 88 Ala. 512 ; 41 N. W. Rep. 693 ; 27 Ill. App. 492 ; 46 N. W. Rep. 1072 ; 145 Mass. 345 ; 130 *id.* 347 ; 85 Ind. 352 ; 46 Ill. 18 ; 6 Mo. App. 413 ; *ib.* 601 ; 47 Mo. 495 ; 2 Jones on Liens, secs. 1260–71 ; Phillips on Mech. Liens, secs. 98–104. See also 32 Ark. 445 ; Malone on Real Property, 402, 410 ; 53 N. Y. 93.

MANSFIELD, J.    This action was brought to enforce a lien claimed by the plaintiff, McFadden, upon a house and lot belonging to the defendant, Mrs. A. C. Hoffman, for the price of materials furnished by the plaintiff and used in the erection of the house. The lot is the defendant's separate property, and the complaint alleges that the materials were purchased by Ed. Hoffman, her husband, and that in obtaining them he acted as her agent. The answer denies that the husband of the defendant was her agent, or that he purchased the materials for her or with her consent. And it alleges that the house was erected against her express objection. The action was brought at law, but upon the plaintiff's motion was transferred to the equity docket. The decree of the chancellor was in favor of the plaintiff, and the defendant has appealed.

Under the statute of this State creating a lien for work done or materials furnished in making improve-

<sub>1. Mechanics lien is based on contract.</sub>

ments on real property, the lien exists only where the labor is performed, or the materials supplied, under a contract, express or implied, with the owner of the land improved, or with "his agent, trustee, contractor or sub-contractor." Mansf. Dig. sec. 4402. The terms of the act import no intention to create a lien in the absence of such contract, and there is no decision of this court giving the statute by construction a wider meaning than its language implies. *Rogers* v. *Phillips*, 8 Ark. 366. The views as to the origin of a material man's lien, expressed by Judge Walker in *Cohn* v. *Hager*, 30 Ark. 25, and referred to in the argument, go no further than to indicate an opinion that the lien may be asserted, although the materials are not furnished under a contract with the land-owner, if they are supplied under an agreement with his contractor.

2. Capacity of married woman to contract.

In *Rogers* v. *Phillips*, 8 Ark. 366, it was decided that a married woman could not enter into a contract such as would subject her property to a mechanic's lien. But, since the time of that decision, a married woman has been empowered by the laws of this State to hold, devise, bequeath or convey her property, real and personal, "the same as if she were a *femme sole.*" Const. 1874, art. 9, sec. 7 ; Mansf. Dig. chap. 104. And it has been held that while the constitutional and statutory provisions by which this change has been effected do not expressly enlarge a married woman's capacity to contract generally, the statute does by implication enable her to charge her separate estate. *Walker* v. *Jessup*, 43 Ark. 163. Under existing laws her power to convey her real property is unlimited, and it is well settled that she may mortgage it for the payment of her husband's debts. *Scott* v. *Ward*, 35 Ark. 480. We think she may also enter into a contract for its improvement, and that such contract may be made the basis of a mechanic's lien for labor or materials. 2 Jones on Liens, sec. 1260 ; *Haupt-*

*man* v. *Catlin*, 20 N. Y. 248 ; *Fowler* v. *Seaman*, 40 N. Y. 592.

As she may contract personally for the improvement of her estate, she can of course do so by an authorized agent ; and her husband may become her agent for that purpose. But his authority to make such contract will not be implied from the marital relation nor from the mere fact that he occupies or manages and controls her real estate.   2 Bishop, Mar. Wom. sec. 396 ; 2 Jones on Liens, sec. 1264; Mechem on Agency, sec 63; *Rudd* v. *Peters*, 41 Ark. 177.   The laws of this State declare that the property of a married woman " shall not be subject to the debts of her husband."   Const. art. 9, sec. 8 ; Mansf. Dig. sec. 4624.   This declaration applies as well to a debt which he contracts for the improvement of her estate as to any other.   In some of the States a mechanic's lien may be asserted on property which has been improved with the knowledge and consent of the owner, but without any contract on his part.   But our statute, as we have seen, requires a contract with the owner ; and this cannot be implied from the knowledge of the wife that her husband is causing her land to be improved, nor from her mere consent thereto.   If he contracts as her agent, it must appear that he was authorized to do so.   And his authority cannot be derived by implication from circumstances which ordinarily owe their existence solely to the marriage relation.   2 Jones on Liens, sec. 1265 ; *Gilman* v. *Disbrow*, 45 Conn. 563 ; Phillips, Mech. Lien, secs. 105, 106, and cases cited ; *Conway* v. *Crook*, 66 Md. 291 ; *Fetter* v. *Wilson*, 12 B. Monroe, 90 ; *Kansas City Planing Mill Co.* v. *Brundage*, 25 Mo. App. 268 ; *Jones* v. *Walker*, 63 N. Y. 612 ; 2 Bishop, Mar. Wom. sec. 396 ; *Knott* v. *Carpenter*, 3 Head, 542.   A married woman may, by silently acquiescing in the contract of one who to her knowledge assumes to act as her agent, be estopped to deny the agency.   And where the husband contracts

3. When married woman's property subject to mechanic's lien.

for the improvement of his wife's property with one who believes him to be the owner, and the wife, knowing this fact, permits the work to be done without disclosing her right, it has been held that she will be estopped to set up her title in defense of an action to enforce the contractor's lien. Bigelow on Estoppel, 602, 603 ; 2 Jones on Liens, sec. 1264. But in this case we find in the conduct of the defendant no element of estoppel. Her husband did not assume to act as her agent, and the plaintiff knew that she was the owner of the lot on which the house was erected.

It is argued that, under section 4637 of the Digest, the husband of the defendant is presumed to have contracted as her agent. The section referred to is taken from the act of December 15th, 1875, and is as follows : ''The fact that a married woman permits her husband to have the custody, control and management of her separate property shall not of itself be sufficient evidence that she has relinquished her title to said property, but in such case the presumption shall be that the husband is acting as the agent or trustee of his wife.'' There is much in the phraseology and provisions of the act mentioned to justify the question whether any part of it applies to real property. *Rudd* v. *Peters*, 41 Ark. 184. But the section quoted has been construed to mean that the husband shall not acquire title by the wife's permission to use, control or manage her property. *Rudd* v. *Peters*, 41 Ark. *supra*. The presumption it raises is for the protection of the wife's property against seizure for the husband's debts. It makes the latter's control or management of the property evidence only of an agency for that purpose and not of any power to bind the property by contract. If the presumption of the statute could be resorted to for the purpose of showing the authority to make a contract by virtue of which the wife's property may be subjected to a lien, it might become an instrument for depriving her of the rights it was designed

to protect.  The burden of the proof then was on the plaintiff to establish the agency alleged in his complaint.

The building erected was located only about forty feet from a house occupied by the defendant and her husband.  She witnessed the progress of the work, and gave some directions to the carpenters as to the manner of executing it.  Her husband had expressed a desire to have the building so constructed that she would be pleased with it, and one of the witnesses testified that "she was present every day and had the work done to suit her."  But it is not shown that she manifested any greater interest in the improvement than a wife would usually take in the building of a house upon land belonging to her husband and put up so near to the place of her residence.  Nor does it appear that there was any greater deference to her wishes in the plan of the house than is commonly shown by a husband in causing a similar work to be done at his own expense.  The contract for the work was made with the husband, and the labor of the carpenters was all paid for by him.  All the materials purchased from the plaintiff and others were procured on the husband's order, and, for aught that appears to the contrary, they were sold entirely on his personal credit.  The defendant testified that she objected to the erection of the house for reasons which she states; and in this respect her testimony is supported by that of two other witnesses.  She also states that her husband was not authorized to act as her agent, and that she was not consulted about the contract for the improvement, and had no knowledge of its terms.

Our opinion is that on the proof adduced the plaintiff was entitled to no relief.  The judgment will therefore be reversed, and the complaint dismissed.