ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* DAGUE.

Opinion delivered April 26, 1915.

1.   DAMAGES—LOSS OF ARTICLE WITHOUT MARKET VALUE.—In an action against a carrier to recover for the loss of an article which has no market value, the measure of damages is the value of the article to the plaintiff, and in ascertaining this value, inquiry may be made

into the constituent elements, and the cost to the plaintiff of producing the article.

2. New trial—newly discovered evidence—discretion of court.— Plaintiff shipped an article over defendant carrier in December. The same was lost in transit and in April plaintiff brought suit for damages, recovering judgment in June. The carrier found the article in August, and asked a new trial, tendering the article, and asking a submission of the issue of plaintiff's damage by reason of the delay. *Held*, it was not an abuse of its discretion for the court to refuse a new trial.

Appeal from Miller Circuit Court; *W. H. Arnold*, Special Judge; affirmed.

### STATEMENT OF FACTS.

M. H. Dague sued the St. Louis, Iron Mountain & Southern Railway Company to recover damages for the loss of certain property which he delivered to the railroad company at Newport, Arkansas, for shipment to Texarkana, Arkansas.

It appears from the record that on the 19th day of December, 1913, the plaintiff delivered to the defendant for transportation a certain model machine of a soil pulverizer for which he had letters patent; and that at the time he made the delivery he explained to the defendant the character and nature of the machine. It was packed in a box, was labelled "Model of Pulverizer Machine," and was addressed to M. H. Dague, Texarkana, Arkansas. The machine was lost in transportation, and, after waiting some months for the company to trace it, the plaintiff instituted this action.

The suit was commenced on the 29th day of April, 1914, and the trial had on the 15th day of June, 1914. At the trial the plaintiff testified as to what it would cost him to have the machine constructed and placed the total amount at $583.40, $200 of which he claimed for services performed by himself in working on the model. The remaining $383.40 was for material furnished and for work done by other parties. He gave a detailed statement of these items, and testified that he was a mechanic and that the prices were reasonable. The jury returned a verdict

in his favor for $383.40, and from the judgment rendered the defendant has appealed.

*E. B. Kinsworthy, R. E. Wiley, Troy Pace* and *T. D. Crawford,* for appellant.

1. The court erred in permitting the plaintiff to testify in detail as to the cost of constructing the model plow. His testimony as to what he paid certain mechanics has no tendency to prove the value of the model. It does not appear that the raw material, chains, gear wheels, charged against appellant, were necessary, or were used in making the model. His personal time, expenses in the trip to Chicago, and his board, are not properly chargeable against appellant, nor shown to have had any relation to the making of the model, or to have been necessary. 80 Ark. 476; 47 N. Y. Sup. Ct. 370; 7 Ind. App. 451; 1 Tex. Civ. App. 424.

2. Appellant, by instruction No. 2, requested the court to instruct the jury that under the bill of lading plaintiff was not entitled to recover any special or extraordinary value of the model plow, but only its fair cost in the market. The court erred in refusing this, and in instructing the jury in lieu thereof that if it had no market value, *but was of value to the plaintiff,* they might consider *the reasonable value to him,* and, in doing so, might consider the fair cost of constructing the model. 88 Ark. 77.

3. The court erred in refusing a new trial for newly discovered evidence. The finding and production of the model after the trial amounted to newly discovered evidence. Diligent search had previously been made. If it had been produced at the trial, not only would it have enabled the jury to form a better idea of its value, but it would have been the duty of the court under the circumstances to require the plaintiff to accept the model with reimbursement for damages incurred by reason of the delay. 1 Sutherland on Damages, § 156; 16 Vt. 243; 44 Ark. 439; 26 N. Y. S. 892.

*Webber & Webber,* for appellee.

1.   There was no error in admitting the testimony as to the cost of the model.  Appellee testified that he was familiar with the charges usually made by mechanics, with the cost of material and with the work done on this model, thereby qualifying himself as competent to testify as to what it would cost in the market to construct such a machine.  The testimony was admissible, and it was for the court to say whether the witness was qualified to testify.  55 Ark. 70; 39 Ark. 167; 147 S. W. 440; 56 Ark. 465; 92 Ark. 569.

2.   Instruction 2, requested by appellant, was properly refused.

The rule is that where an article has little or no market value, but is of special value to the owner, he may recover that.  38 Cyc. 2093, and cases cited; 81 Ill. App. 675.  That the appellant had notice of the extraordinary nature of the shipment is shown by the testimony of appellant's agent.  Under such circumstances the appellee was entitled to recover special damages.  104 Ark. 215, and cases cited.

3.   There was no error in overruling the motion for new trial on the ground of newly discovered evidence.  The doctrine that the owner can not on account of delay in transportation refuse to receive the goods and sue as for conversion, but must accept them and sue for damages caused by the delay, is one that has always been invoked where the tender was made at the time of trial.  We find no authority for the proposition that such a tender after trial would be sufficient ground for a new trial.

HART, J., (after stating the facts).   (1)   In the case of *Southern Express Co.* v. *Owens,* 146 Ala. 412, 9 Am. & Eng. Ann. Cas. 1143, the court held that in an action to recover for the loss of an article which had no market value the measure of damages should be the value of the article to the plaintiff, and, in ascertaining this value, inquiry may be made into the constituent elements and the

cost to the plaintiff of producing the article. In that case the court said:

"Ordinarily, where property has a market value that can be shown, such value is the criterion by which actual damages for its destruction or loss may be fixed. But it may be that property destroyed or lost has no market value. In such state of the case, while it may be true that no rule which will be absolutely certain to do justice between the parties can be laid down, it does not follow from this, nor is it the law, that the plaintiff must be turned out of court with nominal damages merely. Where the article or thing is so unusual in its character that market value can not be predicated of it, its value, or plaintiff's damages, must be ascertained in some other rational way, and from such elements as are attainable."

Several cases are cited supporting that opinion, and other cases announcing the same principle are cited in the case note. In the instant case the plaintiff had procured letters patent upon his plow and had constructed a model to be used in selling the plow. He shipped the model from Newport to Texarkana over the defendant's line of railway and it was lost in transit. The court followed the principles of law above announced in the admission of testimony and in its instructions to the jury.

It is insisted by counsel for the defendant that the court erred in failing to grant it a new trial on account of newly discovered evidence. In support of its motion, it introduced the affidavits of its agents to the effect that the loss of the machine was reported in December, 1913, and that an investigation was at once started to find the plow; that the property was described in the bill of lading as a model plow; that they were looking for something like a plow and were not able to find it; that some time in August, 1914, the traveling freight claim adjuster for the defendant and one of its agents while looking over some unclaimed freight packages in the company's warehouse in Little Rock, a station between Newport and Texarkana, located a box about thirty inches square and

about twelve inches high, and upon looking into it found that it contained the model plow which plaintiff had lost; and that before this time an examination of the unclaimed freight packages in stations between Newport and Texarkana had been made and they had been unable to find the plow.

After the railroad company found the plow it asked the court to set aside the judgment and require the plaintiff to accept the model and resubmit to the jury for its decision the question of damages sustained by the plaintiff for the detention of the plow.

(2)   The court did not abuse its discretion in refusing this request of the defendant.   It is true, according to the testimony introduced by the defendant, that the box containing the plow did not look like a plow and was not marked "model plow" on the box.   According to the testimony of the plaintiff, however, when the property was delivered for shipment the box was plainly marked "model plow or soil pulverizer."   It was shipped from a point in the northern part of the State to a station in the southern part of the State and the whole route was over the defendant's main line of road.   Though the defendant made some effort to trace the plow after its loss was reported to it, still, under the circumstances, it can not be said that it used due diligence in doing so.   The property was lost in the latter part of December and was not found until some time in the following August.

Again, it is insisted by counsel for defendant that the verdict is excessive; but we do not agree with them in that contention.   The plaintiff testified that he was a mechanic himself and gave a detailed estimate of the materials that went into the model and the reasonable cost of constructing same.   These items amounted to $383.40.   His testimony was in no manner contradicted and the jury properly found for him in that amount.

The judgment will be affirmed.