DUMAS *v.* CROWDER.

Opinion delivered October 22, 1928.

*Pat McNalley* and *Jordan Sellers*, for appellant.

*Eugene H. Murphy* and *Francis T. Murphy*, for appellee.

McHANEY, J. This is a suit to reform a written instrument conveying to appellee by appellants an interest in the royalty in the mineral rights reserved and to be reserved in the southwest quarter of the northeast quarter of 11-17-14, Union County, Arkansas. It is alleged that appellant, G. C. Dumas, was the owner of the above described land, on which he had given a commercial oil and gas lease to one J. A. Rowland, by which he reserved a 1/8 royalty interest in the oil and gas produced therefrom; that appellant, Dumas, offered to sell, and appellee purchased, in March, 1922, for a consideration of $200, an undivided ½ interest in and to said royalty, with respect to the southeast quarter of the said 40 acres, subject to the Rowland lease, which would be a 1/16 interest in all the oil and gas and other min-

erals in and upon said 10 acres of land, subject, however, to the Rowland lease; that the scrivener who drew the deed of conveyance was unfamiliar with oil field conveyancing and with the technical terms used in connection therewith, and that in drawing said instrument so prepared it as to convey to appellee an undivided 1/16 of the royalty reserved under the Rowland lease and subject thereto, which constituted only a 1/128 of the total production from said land, instead of a 1/16 of the total production as agreed upon; that the Rowland lease expired by limitation on November 4, 1924, and that on January 8, 1927, all the persons then interested in the land joined in a lease to one Jasper N. Smith for a consideration of $800, the lessors reserving as rental therefor an undivided 1/8 of all the oil, gas or other minerals to be produced therefrom, which lease was by the said Smith assigned to the Magnolia Petroleum Company, and that appellee was entitled to $100 of the purchase price of $800, but was only paid $12.50 therefor; that, at the suggestion of the Magnolia Petroleum Company, appellee conveyed to appellant, Dumas, the royalty interest described in said deed, because his interest covered a small tract of ten acres, and accepted from Dumas a deed covering the entire forty-acre tract, but only ¼ as great an interest therein; that appellant, G. C. Dumas, joined by M. L. Dumas and Olive E. Dumas, conveyed to plaintiff an undivided 1/64 interest in the minerals in and upon said 40-acre tract, but subject to the Smith lease, but that he should have conveyed, and, under the agreement, was bound to convey an undivided 1/8 interest in and to all the mineral royalty reserved and to be reserved under the Smith lease, which would have been equivalent to an undivided 1/64 of the total production of minerals from said land during the lifetime of said lease; or what is commonly known as a 1/64 royalty, and that he was led to believe that he was getting a 1/64 royalty, but, by virtue of a mutual mistake and a lack of knowledge on their part as to how said deed should have been drafted so as to convey said

interest, it was actually drawn so as to convey to appellee a 1/64 of the 1/8 royalty reserved, which would be equivalent to a 1/512 of the total production from said land, or only 1/8 as great an interest as they had in fact agreed to convey to him. In other words, it is charged that in the first agreement under the Rowland lease he was to get a ½ undivided interest in a 1/8 royalty in ten acres, or a 1/16 of the oil in ten acres, which would be the equivalent of a 1/64 interest in the minerals of forty acres.

He further alleged that he was a railroad trainman, and wholly unfamiliar with conveyancing; that he accepted the deeds, thinking he was getting the exact interest to which he was entitled, and which he and appellant, Dumas, had agreed upon. The deed to his royalty interest under the Rowland lease passed out of the case by limitation, and it is the deed to the royalty interest under the Smith lease that is sought to be reformed. The chancellor found, after an extended hearing, that the latter deed was a proper subject of reformation, and entered a decree reforming it in accordance with the agreement of the parties. A final decree was rendered on December 8, 1927, in which appellant was allowed 120 days to prepare and file his bill of exceptions. He failed to prepare and file his bill of exceptions within the time allowed by the court, and, on motion of appellee in this court, all the oral testimony has been stricken from the record. Appellants now say that there remains only one question for this court to consider, and that is, whether the complaint states a cause of action against any or all of the defendants. Appellants cite *Rowe* v. *Allison*, 87 Ark. 206, 112 S. W. 395, and quote therefrom the following:

"There is no oral testimony before the court, and there are no recitals of evidence in the judgment, and therefore a conclusive presumption must prevail that the evidence sustains the decree of the court, so far as it is possible for a decree based on the complaint to be sustained by evidence. If the decree is without the

issues, or the complaint does not state a cause of action, this presumption cannot aid the appellee. *Jones* v. *Mitchell*, 83 Ark. 77, 102 S. W. 110. Where the decree is not responsive to the issues, it is void. *Rankin* v. *Schofield*, 81 Ark. 440, 98 S. W. 674; *Cowling* v. *Nelson*, 76 Ark. 146, 88 S. W. 913.''

Appellants say that the complaint herein does not state a cause of action against any of the appellants. We cannot agree with counsel in this contention, except as to M. L. Dumas and Olive E. Dumas, who should be eliminated from the second deed of appellant, G. C. Dumas, to appellee, as reformed by the chancery court. Both parties agree that they should be eliminated from this deed, and we concur with this agreement. The deed referred to is Exhibit B to the complaint.

In this case appellants did not demur to the complaint. They filed an answer, thereby treating the allegations of the complaint as sufficient to put them to answer. They are therefore asserting for the first time, in this court, that the complaint does not state a cause of action. As said by this court in *Cohn* v. *Hager*, 30 Ark. 25: ''If the defendant had doubted the sufficiency of the pleadings, he should have demurred, and brought the question of its legal sufficiency before the court; but, instead of this, he has treated them as sufficient in law to put him to answer, and, having answered, and gone to trial upon the issue formed, even if the pleadings were technically insufficient, the question cannot for the first time be raised in this court.''

In *Morning Star Mining Co.* v. *Bennett*, 164 Ark. 244-253, 261 S. W. 639, it is said:

''Various questions are raised about the sufficiency of the allegations of both the complaint and the cross-complaint to raise the issues here reviewed; but, without setting out these pleadings, it suffices to say that the testimony developed the issues we have discussed, and this testimony was taken without objection on either side, and, if the pleadings are not otherwise sufficient to raise

these issues, they must be treated as amended to conform to the testimony taken without objection.''

In *St. Louis Southwestern Ry. Co.* v. *Tucker*, 161 Ark. 140, 255 S. W. 553, this court held that, where plaintiff's testimony made out a case for damages, judgment therefor will not be reversed because he defectively stated his cause of action and the measure of his damages, in the absence of a demurrer or motion to make his complaint more specific.

We therefore find it unnecessary to discuss the several questions raised in appellant's brief regarding the sufficiency of the complaint. There is no oral testimony before the court, although the decree recites it was heard on oral testimony, the bill of exceptions having been stricken from the record. The decree of the court is not without the issues raised by the complaint and the answer. Clearly the complaint states a cause of action for reformation, and, even if it be admitted that it is defectively stated, still there is a conclusive presumption that the evidence sustains the decree, and this court will treat the complaint as being amended to conform to proof.

The decree of the chancery court will therefore be modified in accordance with the agreement of counsel by the elimination of M. L. Dumas and Olive E. Dumas from the deed as reformed, same being Exhibit B to the complaint, and, as modified, will be affirmed. It is so ordered.