MANHATTAN CONSTRUCTION COMPANY *v.* ATKISSON.

4-4061

Opinion delivered December 2, 1935.

*Atkinson & Atkinson* and *Karl Greenhaw,* for appellant.

*George A. Hurst,* for appellee.

MEHAFFY, J. Appellee filed his complaint in the Washington Circuit Court against the appellant to recover damages for injury to his right hip, alleging that he was in the employ of the appellant, working under the orders of appellant's superintendents and foremen, and alleges the duty of the master to use reasonable care to furnish a safe place to work and reasonably safe machinery, and to maintain the place to work in reasonably safe condition; that it was its duty to inspect the machinery and to discover and remedy defects. It is alleged that the appellant carelessly and negligently failed to perform each and every one of its duties owing to appellee, and permitted the appellee to crank the air-compressor when the same was in a dangerous condition, and the condition was unknown to appellee. He also alleged that, the appellant knowing the dangerous condition of the machinery, it was its duty to warn the appellee; that it negligently failed to inspect the air-compressor when an inspection would have disclosed its unsafe condition, and failed to warn the appellee of the dangerous condition, and failed to have said condition remedied. He alleges that, under the orders and directions of his foreman, he undertook to crank the air-compressor, and that, on account of its defective condition,

the compressor kicked back, threw appellee against said compressor with violent force, striking him on the right hip and other parts of his body; that said lick on his hip caused a deep and serious bruise, produced an aggravated sore; that the ligaments and muscles were torn and bruised, and caused his right limb to perish and permanently injured and disfigured him; that he was caused to ·suffer severe physical pain and mental anguish, and on account of said injuries that he would never be able to engage in manual labor as he did before the injury; that before the injury he was a strong, able-bodied man and capable of earning $5 a day or more; that since the injury he had lost his earnings, amounting to $780 to date; that he was ·damaged in the sum of $2,500.

The appellant filed its answer denying all the material allegations in the complaint and pleading specifically the assumption of the risk and contributory negligence.

Appellant contends first that the complaint was insufficient, and that, construing the evidence in the light most favorable to appellee, it falls far short of showing any defective or dangerous condition of the air-compressor. Appellant made no objection to the complaint in the lower court. It contends now that it stated conclusions of law and not the facts which constituted the negligence. If appellant thought that the complaint was insufficient or defective, it was its duty to either demur or file a motion to make more definite and certain. It did not do either.

Pleadings, under the code, are liberally construed and every reasonable intendment is indulged in favor of the pleader. *Holcomb* v. *American Surety Co.*, 184 Ark. 449, 42 S. W. (2d) 765.

Where plaintiff's testimony made out a case for damages, a judgment in his favor will not be set aside because his cause of action and the measure of his damages were defectively stated, in the absence of demurrer or motion to make his complaint more specific. *St. L. S. W. Ry. Co.* v. *Tucker,* 161 Ark. 140, 255 S. W. 553; *Wright Motor Co.* v. *Shaw,* 171 Ark. 935, 287 S. W. 177. Moreover, the evidence was introduced in this case without ob-

jection, and the complaint, if defective, would be treated as amended.

The appellee testified that he worked for the appellant on the library building at University Campus, that he operated a jack-hammer that rotates a drill for drilling rock; it was his duty to crank the machine. He had been doing this four or five weeks before he got hurt, and always had trouble starting the machine in the morning. He reported this to Dick Burgin, foreman over him, and Mack Trowbridge, who was over him. Both Trowbridge and Burgin testified that they were foremen, and Trowbridge testified that he reported the injury to Hamblin, the boss. The appellee testified that he was injured by the machine and tried to work on a few days; that he was requested by Burgin to get along some way until he could pick up a man that could take his place; he worked about a week, and could not go any longer; after he got hurt, the company put in a new magneto and got it so it would crank. He testified at length about his injury and suffering. He sought and obtained work as a skilled man, and they gave him the same kind of work that he had been doing before. He undertook to crank the machine in the same way that he had always cranked one. He knew the machine had been overhauled quite a while before, while on the same job. He went to see Dr. Harrison and later went to see Dr. Walker, the company physician. He stated that he was willing to be examined by any number of doctors.

Dick Burgin testified that appellee was working under him; he does not remember whether it was the same day or the next morning that appellee told him he got hurt; does not remember what he said to him, but thinks he told him to go ahead and do the best that he could. Burgin also testified that it was an old machine, and they had had trouble with it all along on cool mornings; he believed if the spark was retarded enough it would not have back-fired.

Mack Trowbridge testified that appellee was working under him; and that the day before appellee got hurt he complained to him and said he would quit if they did not get the motor fixed; witness reported it to Mr. Ham-

blin, and he got a man to fix it; took a timer off the shovel and put it on the machine; next morning when appellee went to work and undertook to crank it, it kicked back, struck his hip, and knocked him on the radiator; he could hardly walk.

E. C. Edwards testified in substance that they had two magnetos, one on the shovel and one on the air-compressor, and one, he did not know which, was hard to get timed. They gave him orders to change the magneto from the shovel to the compressor, which he did. He took the motor loose and it ran, and he then connected it after it got warmed up and started off. The appellant instructed him to change the magnetos. He himself advanced the spark and then moved it back down.

Nelson Pulp, a witness, testified in substance that he saw appellee when he was injured; he pushed the crank in, started down and it back-fired and threw him into the radiator. He said on cross-examination that he did not know it back-fired, but it did something.

The undisputed evidence shows that the day before appellee was injured he not only called attention to the defect in the machine, but stated that he would quit work if it was not remedied. It was an old machine with which they had been having trouble, and immediately before appellee was hurt he was told by his boss that the machine had been fixed. The evidence also shows that, after the accident the company got a new magneto. It also shows that, if in fixing the machine they had retarded the spark, it would not have back-fired or kicked, and he would not have been injured. It is true one of the witnesses swears that he did retard the spark, but, according to other evidence, if he had done so, the injury would not have happened.

While the evidence is not satisfactory, we think it was sufficient to submit the question of appellant's negligence to the jury, and the jury's finding on questions of fact is conclusive.

"The fact that the appellate court would have reached a different conclusion had the judges thereof sat on the jury, or that they are of the opinion that the verdict is against the preponderance of the evidence,

will not warrant the setting aside of a verdict based on conflicting evidence.'' 4 C. J. 859-860.

''We must also keep in significant view the rule that, the verdict of a jury cannot properly be disturbed on appeal, merely because of its appearing to be against the clear weight of the evidence, or because, if we were to pass upon the matter as seen in the printed record, we might find differently than the jury did.

''If the verdict has any credible evidence to support it—any which the jury could in reason have believed, leaving all mere conflicting evidence, evidence short of matter of common knowledge, conceded or unquestionably established facts and physical situations—it is proof against attack on appeal, and that must be applied so strictly, on account of the superior advantages of court and jury for weighing the evidence, that the judgment of the latter approved by the former is due to prevail, unless it appears so radically wrong as to have no reasonable probabilities in its favor after giving legitimate effect to the presumption in its favor and the makeweights reasonably presumed to have been rightly afforded below which do not appear, and could not be made to appear, of record.'' *Barlow* v. *Foster,* 149 Wis. 613, 136 N. W. 822; *Baldwin* v. *Wingfield,* ante p. 129.

''Under our system of jurisprudence, it is the province of the jury to pass upon the facts. It is not only their privilege, but their right, to judge of the sufficiency of the evidence introduced, to establish any one or more facts in the case on trial. The credibility of the witnesses, the strength of their testimony, its tendency, and the proper weight to be given it, are matters peculiarly within their province. The law has constituted them the proper tribunal for the determination of such questions. To take from them this right is but usurping a power not given.'' *Cunningham* v. *Union Pac. Ry. Co.,* 4 Utah 206, 7 Pac. 795; *Equitable Life Assurance Society* v. *Felton,* 189 Ark. 318, 71 S. W. (2d) 1049; *Healy & Roth* v. *Balmat,* 189 Ark. 442, 74 S. W. (2d) 242; *Brown* v. *Dugan,* 189 Ark. 551, 74 S. W. (2d) 640; *Chicago R. I. & P. Ry. Co.* v. *Britt,* 189 Ark. 571, 74 S. W. (2d) 398.

As we have said, while the evidence is not satisfactory, we cannot say that there is no credible or substantial evidence to support the verdict.

"We will not reverse the judgment because of the insufficiency of the evidence, for, as we view this evidence, it is not physically impossible that appellee was injured as a result of stepping into an unblocked frog, although it is highly improbable that the injury was caused in that manner." *Mo. & N. Ark. Ry. Co.* v. *Johnson,* 115 Ark. 448, 171 S. W. 478.

There was some conflict in the evidence as to whether the injury was caused by appellee's getting hit in the manner in which he testified he was hurt, but these were questions for the jury.

Appellant contends that the court erred in giving instruction No. 1. That instruction merely defines the issues and states the contentions of the parties.

It is next contended by appellant that the court erred in giving instruction No. 5. That instruction told the jury that it was the duty of the master to warn his employees, when operating a machine having latent defects, of the dangers incident to the operation of said machine, if said defects render the operation of the machinery dangerous. There was no error in giving this instruction. The appellant itself requested an instruction on the duty to warn. We think there was no error in the court's modifying two instructions.

Appellant next complains of the closing argument made by the attorney for the appellee, and this argument is set out at length, but no objection was made to this argument, except when the appellee's attorney stated why he brought the suit for $3,000 only, the appellant objected, and the court promptly sustained its objection. It then asked that the statement be stricken from the jury, and the court said to the jury: "You are instructed that you are not to consider that part of the argument as to where the suit was filed."

The master is not liable for injuries resulting to a servant by reason of latent defects about which the master did not know and which could not have been discovered by the exercise of reasonable care and diligence.

It is argued that the appellee was as familiar with the machinery as the master, but the record shows that the appellee called attention to the defect and was advised by his foreman that it had been remedied, and, relying on this, he undertook to crank the machine and was injured.

It is true that a servant, on entering employment, assumes all the risks and hazards usually incident to the employment, but when he has complained about machinery and has been advised that the defect has been remedied, he had a right to rely on the statement of his foreman, and does not assume the risk in so doing.

It is contended also that the verdict is excessive. There was a verdict for $2,000. There was some conflict in the evidence as to the extent of the injury, but if the jury believed appellee's testimony about his injury, which they had a right to do, the verdict was not excessive.

We find no error, and the judgment is affirmed.