DONIPHAN LUMBER COMPANY *v.* CLEBURNE COUNTY.

Opinion delivered April 28, 1919.

1. TAXATION—UNIFORMITY.—Under Constitution, article 16, section 5, there must be uniformity in laying taxes upon taxable property, and an assessor or assessment board cannot discriminate against one tract of land in favor of all other property of the same kind in the county.

2. APPEAL AND ERROR—QUESTIONS OF FACT—REVIEW.—Findings of fact by the circuit court will not be disturbed on appeal if sustained by sufficient legal evidence.

3. TAXATION—REVIEW OF ASSESSMENT—BURDEN OF PROOF.—In a proceeding to review an assessment of lands as discrimnatory, the burden is on petitioner to show that such assessment was unfair as compared with the assessment of other lands of same kind similarly situated.

4. TAXATION—REDUCTION OF ASSESSMENT—COSTS.—In a proceeding under Acts 1917, p. 1243, § 8, to reduce an assessment on lands, though the assessment is found to be discriminatory, there is no authority to tax the costs against the county.

Appeal from Cleburne Circuit Court; *Jno. I. Worthington,* Judge; affirmed.

*Brundidge & Neelly,* for appellant.

1. The assessment was arbitrary and unfair, higher than other lands of the same quality in the neighborhood. 124 Ark. 569; 119 *Id.* 362; 127 *Id.* 349.

2. It was error to tax the costs against appellant. Act 234, Acts 1917. The assessment was reduced and the costs should have been awarded against the county. S. & H. Dig., § 787 *Ib.* par. 810-811; 50 Ark. 416; 9 Wall. 655.

*W. R. Casey,* for appellee.

1. The testimony is not properly abstracted. The findings and judgment are sustained by the evidence and will not be disturbed. 90 Ark. 512; 96 *Id.* 606. Appellant has failed to duly assign the errors complained of and they may be treated as abandoned. 2 R. C. L. 178; 99 Ark. 490.

2. In the absence of a statute no judgment can be rendered against a county for costs. 7 R. C. L. 789; 120 Ark. 506. This was not a claim against the county. 66 Ark. 243. There is no statute authorizing a judgment against the county for costs. Kirby's Dig., § 965 does not apply. This was a special action under Act 234, Acts 1917. 110 Ark. 117; 46 *Id.* 383; Kirby's Dig., § 967. Under the law and proof the judgment should be affirmed.

HUMPHREYS, J. On the 1st day of October, 1917, appellant filed a petition in the Cleburne County Court, which was the next succeeding term of court after the assessment and valuation of its property for purposes of taxation, under section 8, Act No. 234, Acts of 1917, seeking to reduce its assessment by the assessor and Boards of Assessment to a fair valuation in the following townships in said county: Center Post, Morgan, Francis, Clayton, Saline, Mountain, Pine and River Bend, particularly describing each tract of land and the assessed value thereof. It was alleged in the petition that a good portion of the lands in question were lands from which the timber had been removed, or what is known as "cutover" lands, and that they were assessed generally at the value of improved lands in cultivation in the same vicinity and community, and, in some instances, assessed at a greater amount than such lands. On November 7th, which was a day of the regular October, 1917, term of said

county court, the matter was submitted to the county court upon the petition and the testimony of the various members of the assessment boards of the townships mentioned in petitioner's petition, together with the evidence of B. R. Smith, county tax assessor, upon which the court sustained the assessment made by said Boards of Assessment in all the townships set forth in appellant's petition, except Clayton township, in which township the valuation was reduced to the valuation as originally assessed by appellant. From the judgment sustaining the assessment of the several boards, appellant appealed to the Cleburne Circuit Court by filing an affidavit and executing a bond conditioned that it would prosecute the appeal and save the county all costs on account of the appeal. In the circuit court, appellant filed petition for injunction, or restraining order, to prevent the tax collector from collecting the taxes upon the assessment returned by the several boards. The collector was temporarily restrained under injunction bond given by appellant.

At the September, 1918, term of the circuit court of said county, the cause was heard *de novo* by the court upon the petition and the several witnesses introduced by appellant and appellee. No finding was made, or judgment rendered, pertaining to the assessment of the lands in Center Post township. The assessments of the lands returned by the several boards in Morgan, Saline and River Bend townships was affirmed. The court reduced the assessment of appellant's lands in Francis township to $2.60 per acre, in Mountain township to $2.90 per acre, and in Pine township to $3.90 per acre; also rendered judgment against appellant for the costs of the proceeding. From the findings and judgment aforesaid of the circuit court, an appeal has been duly prosecuted to this court.

The contention of appellant is that its property, in the several townships set out in the petition, was assessed by the several Boards of Assessment at an unfair valuation in comparison with lands of the same kind and char-

acter similarly situated, belonging to other parties. It is provided by the Constitution of the State of Arkansas that "All property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State." Under the Constitution, statutes and adjudications of this State, there must be uniformity in laying taxes upon taxable property. The assessor or assessment boards cannot discriminate against one tract of land in favor of all other property of the same kind in the county. *Drew County Timber Co.* v. *Board of Equalization of Cleveland County,* 124 Ark. 569, and cases there cited in support of the rule thus announced. Unless the undisputed facts in the case establish that the findings and judgment of the circuit court are erroneous, this court cannot reverse on appeal. The case falls within the general rule that the findings of the trial court will not be disturbed by this court on appeal where the findings are sustained by sufficient legal evidence. *St. Louis & San Francisco Rd. Co.* v. *Ft. Smith & Van Buren Bridge Dist.,* 113 Ark. 493; *Mo. Pac. Rd. Co.* v. *Conway County Bridge Dist.,* 134 Ark. 292; *C. R. I. & P. R. Co.* v. *Road Imp. Dist. No.* 1, 137 Ark. 587, 209 S. W. 725. Under the rule thus announced, it is only necessary in the instant case for us to examine the record sufficiently to ascertain whether the findings and judgment of the trial court are sustained by sufficient legal evidence. It goes without saying that it was incumbent upon appellant, in attacking the assessments of the several boards, to show by proof that the valuations placed by them upon the several tracts of land were unfair and inequitable when compared with the valuations placed upon other lands of the same kind and character similarly situated. Appellant introduced no proof at all as to the values of its lands in Center Post township and no evidence showing that the valuations placed upon its lands in Morgan, Saline and River Bend townships by the Boards of Assessment were discriminatory as compared with lands belonging to others, of the same kind

and character similarly situated. For the reason that appellant wholly and entirely failed to sustain the allegation in its complaint that its lands in Center Post, Morgan, Saline and River Bend townships were inequitably assessed, it follows that the finding and judgment of the county court, pertaining to the assessed value of the lands in Center Post township was final, and the finding and judgment of the circuit court, sustaining the assessed values of said lands in Morgan, Saline and River Bend townships, must be affirmed. The evidence which is legally sufficient to sustain the judgment of the court in reducing the assessment of appellant's lands in Francis township to $2.60 per acre, in Mountain township to $2.90 per acre, and in Pine Township to $3.90 per acre, is that of John W. Gunn. He stated, in substance, that he selected from the assessment lists 17,275 acres in Mountain township, 13,439 acres in Francis township, and 9,613 acres in Pine township belonging to other parties, both residents and non-residents, of about the same value as the company's lands, and found that they had been assessed by the several boards at an average of $2.90 per acre in Mountain township, $2.59 per acre in Francis township, and $3.91 per acre in Pine township; that, in making this average, he had not included bottom lands because the company owned no lands of that character; that, in selecting the lands of other parties around over the townships for purposes of comparison, he did so with a view to getting an average assessment valuation of lands similar to the lands owned by appellant. The assessments, as reduced by the court, fairly and equitably equalized the assessed valuation of the company's lands in Francis, Mountain and Pine townships with lands of about the same kind, character and value, belonging to other parties in said townships.

It is also insisted by appellant that the judgment should be reversed because the court adjudged the costs of the proceedings against appellant. In support of its contention in this regard, appellant has cited the case of *Jefferson County* v. *Philpot,* 66 Ark. 243. That suit was

for the enforcement of a claim against the county and in a case in which it was proper to render a judgment against the county. The court properly ruled in that case that the costs followed the judgment. Kirby's Digest, sec. 965. This section of Kirby's Digest, however, is not applicable to special statutory proceedings. *Fancher* v. *Kenner*, 110 Ark. 117. The proceeding in the instant case is a special proceeding authorized by section 8 of Act 234, Acts 1917. That act, in so far as it defines the special proceeding, is as follows: "Any person who shall be aggrieved by the action of the assessor and Boards of Assessment and Valuation, in valuing his property, may appeal to the county court, which shall have the same power now exercised by law to correct any error or injustice that may be done any person, by filing his petition in said court," etc.

No authority is found in the act for the rendition of a judgment against the county. Nor does the act itself impose any liability upon the county for costs. No authority existed for taxing costs against the county unless imposed by the act. *Chicot County* v. *Matthews, Sheriff*, 120 Ark. 506.

No error appearing, the judgment is affirmed.