## SHAW *v.* STATE.

## SHAW *v.* YOUNG.

Opinion delivered October 18, 1920.

1. CERTIORARI—REVIEW.—Review of the circuit court's finding of fact on a certiorari proceeding is limited to the inquiry whether there was substantial testimony legally sufficient to support it.

2. MINES AND MINERALS—MINE .INSPECTOR.—Evidence *held* to sustain finding by board of examiners created by Acts 1919, No. 486, that the bond of the State Mine Inspector, whose license the board canceled, was never approved by the Governor as required by law, so that a vacancy existed in the office which it was the duty the Governor to fill.

Appeal from Sebastian Circuit Court, Greenwood District; *John Brizzolara,* Judge; affirmed.

*Covington & Grant,* for appellant.

The findings of the court are against the clear preponderance of the evidence and are without any evidence to support them. The execution and approval of appellant's bond is clearly shown. Act No. 130, Acts 1917, describes and prescribes the duties and defines the powers of the State Mine Inspector. When the Governor made the appointment, his power ended, and he was without power to direct appellant in the discharge of his duties or cancel his appointment. 86 Ark. 555. The charges are frivolous, and the findings of Young, Den-

man and Lewis ridiculously outrageous. They disregarded the law. Appellant was tried, convicted and his certificate canceled before his case was called; this is shown by the minutes presented by Lewis in his testimony. There was deception, fraud and collusion practiced in canceling appellant's license. Act 486, Acts 1919, § 8, was ignored during the entire procedure.

The Governor undertook to exercise a power not sanctioned by the Constitution or law. 86 Ark. 555. Appellant was removed for none of the causes mentioned in the act or other sufficient causes. 101 Ark. 593; 61 *Id.* 494; 67 *Id.* 156; 70 *Id.* 451; 74 *Id.* 528; 95 *Id.* 114; 73 *Id.* 602.

The demurrer admits the truth of all the allegations of appellant's petition, and the finding and judgment in the consolidated cases should be reversed.

*John D. Arbuckle,* Attorney General, *Silas W. Rogers,* Assistant, and *Evans & Evans,* for appellees.

The trial court held that the action of the board of examiners in the absence of fraud binding on the court and appellant has furnished no reason, and we see none, to reverse the findings. The board had jurisdiction to revoke the license, and it was in legal session. Written charges have been preferred, and appellant had notice and was present; he had his day in court; the evidence was conclusive as to his guilt, and his license properly revoked. Act 486, Acts 1919.

Certiorari is not a writ of right, but its allowance rests in the sound discretion of the court. 89 Ark. 609; 127 *Id.* 529; 126 *Id.* 125. The evidence is ample to sustain the action of the board of examiners and the findings of the court below.

SMITH, J. Two appeals have been consolidated and heard together, as both involve the right of the appellant, Shaw, to hold the office of State Mine Inspector. One case is a *quo warranto* proceeding, instituted by the State on the relation of the Attorney General, to require the appellant to show by what warrant he claimed the right to act

as State Mine Inspector. The other is a proceeding by certiorari, brought by appellant, to have reviewed the proceedings of the board of examiners, created under act 486 of the Acts of the General Assembly of 1919 (General Acts 1919, page 359). This board canceled the license of appellant as State Mine Inspector, and it is alleged that that action was taken without legal authority.

The board found the facts to be that appellant had failed to give the bond required by law, and, while the briefs raise and discuss a number of other questions, we do not decide them, as, in our opinion, the finding of the court below in regard to the failure to execute the bond is conclusive of the case.

Appellant was appointed State Mine Inspector pursuant to the authority of act No. 130 of the Acts of 1917 (Acts 1917, volume 1, page 683). Section 2 of this act provides that "the mine inspector, before entering upon the duties of his office, and, within twenty days after his appointment, shall make and execute a bond to the State of Arkansas, with one or more sureties, in the sum of $5,000, conditioned upon the faithful performance of his duties, same to be *appointed* by the Governor. When said bond is so approved, he shall also take oath of office prescribed by the Constitution. And, in the event that said mine inspector shall fail to make and execute said bond within the time prescribed by this act, his appointment shall be declared void, and it is hereby made the duty of the Governor to appoint and have qualified a proper person in his stead as contemplated by the provisions of this act." A successor to appellant has been appointed by the Governor.

The execution of the bond here provided for in due form of law is clearly shown, and appellant says its approval by the Governor is also shown. As tending to sustain that contention, the following testimony was offered. Appellant says the bond was executed in triplicate, and that he sent the original and one copy to the Governor, and another copy to the State Commissioner

of Labor at Little Rock, and that in due course he received a letter from the Governor enclosing the copy of the bond sent the Governor, on which the following endorsement appeared: ''Approved this 2d day of July, 1919. Charles H. Brough, Governor,'' and that he supposed the Governor retained the original bond in his office. Appellant produced this bond in the court below, and the signature of the Governor was identified by the Governor's private secretary. Appellant did not produce the letter which he says he received from the Governor enclosing and returning the carbon copy of the bond with approval of the Governor endorsed thereon, as he stated he was unable to find the letter after diligent search therefor.

The Commissioner of Labor testified that he received a carbon copy of the bond through the mails from appellant, and filed that copy in his office on the day of its receipt. This copy had not been presented to the Governor, and was not approved by him. The law does not require that a copy of the bond be filed with the Commissioner of Labor.

The Governor did not testify at the trial below, but a statement prepared by him was read as his testimony by consent. This statement contained no reference to the apparent approval of the bond by him, and, as there was no examination of the Governor on that subject, it can not be known what denial, or admission, or explanation, he would have made had he been interrogated on that subject. The Governor's statement was to the effect that he did not approve the bond, as he stated that he had no recollection of receiving the bond, or any letter in regard to it, and that he had no recollection of writing a letter to appellant about it. He further testified that if he had received the bond, and had approved it, he would immediately have ordered it transmitted to the Secretary of State, pursuant to his usual custom in such cases. The Governor's private secretary, who identified the Governor's signature to the carbon copy produced in the court below, testified that such matters usually

passed through his hands, and were usually presented by him to the Governor for action, but that he had no recollection of this bond ever being presented to the Governor, or ever having been in the Governor's office for the Governor's action, and that a diligent search made in the Governor's office had failed to disclose any trace of it.

Mr. Emerson, of the Secretary of State's office, testified that he was personally charged with the duty of filing papers such as the bond in question, and that the bond had not passed through his hands, and that there was no record that it had ever been filed in the office of the Secretary of State, and that the bond could not be found in that office after diligent search.

We have here a finding of fact made by the court below, and our review of that finding is limited to the inquiry whether there is substantial testimony legally sufficient to support it. *Harris* v. *Ray,* 107 Ark. 281; *K. C. S. Ry. Co.* v. *Road Imp. Dist. No. 6,* 139 Ark. 424; *Doniphan Lbr. Co.* v. *Cleburne County,* 138 Ark. 449. The testimony recited, with the inferences legally deducible therefrom, is sufficient to support a finding that the bond was not approved by the Governor as required by law, and, if that be true, a vacancy existed in the office of State Mine Inspector, which it was the duty of the Governor to fill by another appointment.

Judgment affirmed.