## MITCHELL *v.* WILLIAMS.

### Opinion delivered January 14, 1924.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—Questions of fact are conclusively determined by the jury where there was sufficient evidence to support their finding.

2. ACCOUNT STATED—EVIDENCE.—Evidence that an account rendered by a materialman to a building contractor covered only items furnished during the current month, and allowed no credits for damages caused by delay, and where there were items of damage that could not then have been determined, *held* to warrant refusal to submit the issue whether the account sued on was an account stated.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; affirmed.

*E. L. Matlock,* for appellant.

*Holland & Holland,* for appellee Williams, and *Warner, Hardin & Warner,* for appellee Wright.

The evidence is legally sufficient to support the verdict, and this court will not disturb it. 133 Ark. 30; 136 Ark. 310; 144 Ark. 641; 148 Ark. 654. The surety was released by failure to bring suit within six months after completion of the building. C. & M. Digest, § 6913; *Davis* v. *Chrisp,* 159 Ark. 335. An account stated was not pleaded by the plaintiff either in the original complaint, the amended complaint, or in the reply to the defendant's answer. It is not available here. 137 Ark. 565. It is not available, under the facts in this case, even had it been pleaded. 23 App. Div. 498; 1 C. J., § 278; *Id.,* § 279; 1 C. J., §§ 281, 288, 290, 292; 150 Ark. 197, 203; 73 Fed. 983; 74 Ark. 468.

SMITH, J. This suit was brought by the appellant lumber company against A. R. Williams, contractor, and Ozette Wright, surety on the contractor's bond, for a bill of material used by him in the construction of a school building for a rural special school district in Crawford County. The account of the lumber company was practically unquestioned, the main issue being upon the counterclaim of the defendant Williams for damages growing out of alleged delays in furnishing the material sued for.

The jury found for the plaintiff in the sum of $249.19, and found also that the surety was not liable for that amount, and the plaintiff has appealed.

The principal claim of the defendant Williams for an offset against the plaintiff's account is that the plaintiff agreed and undertook to furnish him the material known as the "mill-work" to be used in the construction of the school building, and that the delay in so doing was responsible for the damages claimed by Williams. A delay in delivering shingles was also alleged as a cause

of damage. The lumber company denied that it had agreed to furnish the mill-work, but had merely ordered it for Williams from another dealer; and denied that there was any delay causing damages in the delivery of the shingles.

These questions of fact were submitted to the jury, and are concluded by the verdict, and, without setting out the testimony, it suffices to say that it was legally sufficient to support a finding either way, as it was conflicting.

An objection is urged to an instruction numbered 1, which substantially submitted the issues, on the ground that the jury might have interpreted the instruction to permit either Williams or his men to take credit for the delay. We think, however, the instruction was not open to the objection made. The laborers were not parties to the suit, and we do not understand the instruction, when fairly interpreted, to permit a double recovery, or to permit the laborers to recover at all.

The bond sued on was executed in compliance with § 6913, C. & M. Digest, and the defense of the surety was that suit had not been brought within six months after the completion of the building, as required by § 6914, C. & M. Digest.

There was a question as to the time of the completion of the building, and this question of fact was submitted to the jury, and is concluded by the verdict in favor of the surety, as there was testimony legally sufficient to support the finding that the suit was not brought until more than six months had expired after the completion of the building.

It is also insisted, for the reversal of the judgment, that the account sued on had become an account stated. It is insisted that this issue was not raised by the pleadings in apt time against the defendant Williams, and was not raised at all against his surety. We do not decide that question, however, as, in our opinion, the testimony did not warrant the submission of the question

whether the account sued on had become an account stated. The account rendered covered items furnished during the current month, and took no account whatever of the credits claimed by way of damages; indeed, such credit has at all times been, and is now, denied. There were items of damage for which Williams could not claim credit until he had settled with the school district, among which was the claim of the district for liquidated damages for delay in completing the building beyond the contract period.

The case appears to have been properly submitted to the jury, and the testimony is sufficient to support the verdict, so the judgment must be affirmed.