## TENNYSON *v.* KEEF.

## Opinion delivered February 7, 1927.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—The verdict of a jury will not be disturbed by the Supreme Court if there is any substantial evidence to support it.

2. TRIAL—AMBIGUOUS INSTRUCTION—SPECIFIC OBJECTION.—Where an instruction is ambiguous, a specific objection should be made or the error will be waived.

3. TRIAL—GENERAL OBJECTION TO INSTRUCTION.—When a portion only of an instruction is correct, and a general objection only is made to it, the giving of such instruction is not error.

4. TRIAL—AMBIGUOUS INSTRUCTION—WHEN CURED BY OTHER INSTRUCTIONS.—An instruction on the joint liability of a person constructing an electric light system and of the person supervising the construction of the wires, although ambiguous, *held* not reversible error, in view of other instructions properly submitting the issue that defendant was liable only if he placed or caused to be placed the wire in such manner as to injure plaintiff.

Appeal from Boone Circuit Court; *J. M. Shinn,* Judge; affirmed.

*Woods & Greenhaw,* for appellant.

*V. D. Willis* and *Shouse & Rowland,* for appellee.

MEHAFFY, J. The plaintiff commenced this suit in the Boone Circuit Court, for personal injuries alleged to have been caused by the appellant and others. It is alleged that the defendant stretched, or caused to be carried and stretched, directly across the public highway, the principal street through the town, a strand of insulated wire, well knowing that said highway was a public thoroughfare, and not regarding their duty in that behalf, and without due and proper care towards the public and the plaintiff; that they stretched or caused to be stretched the wire at a low and dangerous and unlawful place. That plaintiff came along said highway, across which said wire was stretched, and, without knowledge or warning from the defendant or any one, came violently in contact with the wire, through no fault of his own, but by reason of defendant's negligence and carelessness; that plaintiff was in an automobile, and that the wire was hanging at a low and dangerous height from the ground, and, extending directly across the highway, caught plaintiff in the mouth, whereby he was violently thrown from said car to the ground, and received severe injuries. The defendants filed separate answers, denying the material allegations in the complaint. It is unnecessary to set out the testimony at length. It is sufficient to say that there was testimony to the effect that appellant was superintending the work of putting up the wires, was supervising the work. The testimony is conflicting, but we think there was sufficient evidence to submit the question of the appellant's negligence to the jury. There is no testimony that the appellant put up the wire where the appellee was injured, and the only theory on which the appellant could be held liable is that he caused it to be done, or that he was supervising the construction of the wire. This was a question of fact for the jury, and the verdict of the jury will not be disturbed by this court if there is any substantial evidence to support it. The appellant contends

that instruction No. 2, given at the request of the appellee, was erroneous, and, for that reason, the case should be reversed. Instruction No. 2 is ambiguous, and should not have been given. It reads as follows:

"Even though you believe from the evidence that the defendant, Tobe Tennyson, and the parties purchasing the electric light system, were constructing the lines in question jointly, that is, if you believe that the defendant, Tennyson, and the purchasers of the electric system, were each and all together constructing the system, and the plaintiff was injured through the negligence of any one of the said parties or any one working under the supervision and direction of the defendant, Tobe Tennyson, then in that event every one interested in supervising and constructing said work would be responsible for such damages as were sustained by their negligence. And the plaintiff has the right to sue either or all of said parties, or either or any one of them. Therefore, even though you may believe from evidence that the defendant, Tobe Tennyson, was only acting jointly with the purchasers of the system in the supervising and directing and constructing of said wire, if you further believe that the plaintiff was injured through the negligent construction thereof, then, and in that event, the defendant, Tobe Tennyson, would be responsible for such damages as were sustained, and you must find accordingly."

It is difficult to tell just what the first paragraph of the instruction means. It tells the jury that if Tennyson and other parties were constructing the lines jointly, were each and all together constructing the system, and the plaintiff was injured through negligence of any one of said parties, or any one working under the supervision and direction of Tobe Tennyson, then, in that event, each and every one interested in supervising and constructing said work would be responsible for such damages as were sustained by their negligence.

It will be observed that, while the first part of the instruction mentions constructing the system together, and of plaintiff being injured through the negligence of

any one of, etc., the latter part of the instruction confines it to any one working under the supervision and direction of the defendant. It only tells them that the defendant would be responsible for such damages as were sustained by their negligence. The latter part of the instruction then correctly tells the jury that, if the appellant was supervising and directing and constructing the wires, and plaintiff was injured through the negligent construction thereof, the defendant would be responsible. The appellant did not make specific objection to this instruction, but his objection was general. It has been often held by this court that, where an instruction was ambiguous, specific objection should be made or the error would be waived. It is also true that, when a portion of an instruction is correct and a general objection only is made to it, the giving of said instruction is not reversible error.

Moreover, we do not think the instruction, as given, would make Tennyson liable for the acts of any of the owners of the system if done without his knowledge or against his consent or instruction, as argued by the appellant. If the appellant was superintending the putting up of the wires, if he was having wires stretched, then if they were negligently stretched, and, because of this negligence, the appellee was injured while he was in the exercise of ordinary care, the appellant would be liable to him for his injury. The appellant himself requested and the court gave the following instruction:

"Before you can find for plaintiff in any sum against the defendant, you must find, by a preponderance of evidence, that the defendant negligently placed, or caused to be placed, the wire in question in such manner as to injure the plaintiff, or cause the same to be done under his supervision and direction, and if you fail to find such facts, you will find for the defendant."

This instruction submitted the issue squarely to the jury. It was made plain to them that, unless the appellant negligently placed or caused to be placed the wire in such manner as to injure the plaintiff, or unless he caused the

same to be done under his supervision and direction, there was no liability. Other instructions were given confining liability to acts done by appellant himself or caused to be done by him. There was therefore no reversible error in giving instruction No. 2, and the evidence is sufficient to support the verdict, and the judgment will be affirmed.