BUHLER *v.* PERRY COUNTY.

Opinion delivered October 22, 1928.

*E. L. Carter,* for appellant.

*Boyd Cypert,* for appellee.

SMITH, J.   Appellants own in severalty large tracts of cutover land in Perry County, and they filed separate petitions in the county court of that county praying a reduction of the assessments of valuation against said lands for taxation for State and county purposes.

It was shown at the trial from which this appeal comes that all property throughout the State was supposed to be assessed upon the basis of fifty per cent. of its market value, and that a valuation of $2.50 per acre had been assessed against appellants' lands by the assessor and the board of equalization of Perry County, upon the assumption that the lands had a market value of $5 per acre.

The county court denied the relief prayed, and an appeal was duly prosecuted to the circuit court, where the petitions were consolidated and heard together, and, after hearing testimony both for and against the petitions, the court found "that the lands owned by the petitioners have a fair market value of $3.50 per acre, and that the present valuation of $2.50 per acre as fixed by the assessor and board of equalization is excessive." Upon the finding that the market value of the lands was $3.50 per acre, the court ordered that the lands

be assessed for taxation at $1.75 per acre, and from this judgment there is an appeal and a cross-appeal.

The testimony was substantially the same on behalf of each petitioner as to the value of the land. That on behalf of appellant Buhler was to the effect that, in 1922, he purchased from the Fourche River Lumber Company 18,000 acres of cutover land, paying therefor $2 per acre. No income was derived from the land, which lies on top of a mountain range, and the only value the land possessed was for grazing by cattle or for growing timber, and that about forty years would be required before a new crop of timber could be grown. That petitioner had endeavored to sell the land at $2 per acre, but had been unable to find a purchaser at that price, and that he would take that price for the entire tract. There was other testimony to the effect that the market value of the land did not exceed $2 per acre.

On the cross-appeal it is insisted on behalf of the county that the testimony does not show the value of any particular section or part of section of the land, but related to the value of the lands as a whole, and it is also insisted that the testimony does not show that the land was worth only $3.50 per acre as found by the court.

It is true, as insisted, that the statute (§ 9924, C. & M. Digest) provides that each tract of land shall be respectively assessed by section, or the largest subdivision of a section of which the same is capable; but it is also true that the testimony is to the effect that all of the land was of the same character and of substantially the same value per acre. Petitioners are not therefore to be denied relief to which they are otherwise entitled because the testimony did not show the separate value of each tract of land.

The testimony on the party of the county was to the effect that there was some—a small quantity—of timber on the land, and that the lands were worth about $5 per acre.

We do not review the conflicting testimony as to the value of the land. It suffices to say that there was testimony which would have supported a greater reduction in the assessed valuation than that made, and other testimony which would support a finding that no reduction should have been made.

The case of *Doniphan Lbr. Co.* v. *Cleburne County*, 138 Ark. 449, 212 S. W. 308, involved the question here under review, and it was there said: "Unless the undisputed facts in the case establish that the findings and judgment of the circuit court are erroneous, this court cannot reverse on appeal. The case falls within the general rule that the findings of the trial court will not be disturbed by this court on appeal where the findings are sustained by sufficient legal evidence" (Citing cases).

As the finding of the court below is sustained by sufficient legal evidence in the case of each petitioner, the judgment must be affirmed, and it is so ordered.