HAYWARD *v.* ROWLAND.

Opinion delivered November 23, 1931.

*Duval L. Purkins* and *Shields M. Goodwin,* for appellant.

*D. A. Bradham,* for appellee.

KIRBY, J., (after stating the facts). Section 5 of article 16 of the Constitution provides: "All property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State. No one species of property from which a tax may be collected shall be taxed higher than another species of property of equal value."

In *Bank of Jonesboro* v. *Hampton,* 92 Ark. 496, 123 S. W. 753, the court, in interpreting this provision, said: "It is true the Constitution provides that all property subject to taxation shall be taxed according to its value, but this is done when the valuation is equalized with other property of the same kind in the county."

In *Doniphan Lbr. Co.* v. *Cleburne County,* 138 Ark. 449, 212 S. W. 308, the court said, in deciding a case of like kind: "Unless the undisputed facts in the case establish that the findings and judgment of the circuit court are erroneous, this court cannot reverse on appeal. The case falls within the general rule that the findings of the

trial court will not be disturbed by this court on appeal where the findings are sustained by sufficient legal evidence. * * * Under the rule thus announced, it is only necessary in the instant case for us to examine the record sufficiently to ascertain whether the findings and judgment of the trial court are sustained by sufficient legal evidence. It goes without saying that it was incumbent upon appellant, in attacking the assessments of the several boards, to show by proof that the valuations placed by them upon the several tracts of land were unfair and inequitable when compared with the valuations placed upon other lands of the same kind and character similarly situated.''

It was incumbent upon the appellant in attacking the assessment to show that the valuations placed upon the several tracts of land were unfair and inequitable when compared with the valuations of other lands of the same kind and character similarly situated; and he failed to do this. Certainly it cannot be said that the circuit court's finding and judgment in favor of the fairness and reasonableness of the assessment and denial of relief to appellant was contrary to the undisputed testimony in the case; and, conceding that it is contrary to the preponderance of the testimony, which we by no means decide, still it is only necessary that its judgment be supported by substantial testimony, and the record discloses that it is amply sustained by sufficient legal evidence.

The testimony introduced showing the income realized from ownership of the lands and the amount for which the lands were purchased was not intended to establish a different rule for assessment than that prescribed by the Constitution and laws according to its market value, but only as it might tend to show the correct market value at the time. In other words, that the purchase price paid by appellant was not conclusive of the market value of the lands.

We find no prejudicial error in the record, and the judgment must be affirmed. It is so ordered.