MATHIS v. MAGERS.

4-3950

Opinion delivered October 7, 1935.

*Wils Davis, Virgil Greene* and *W. W. Hughes,* for appellants.

*Harrison, Smith & Taylor,* for appellees.

JOHNSON, C. J. This suit was instituted by appellee against appellants, a copartnership, doing business as Mathis Bus Line, in the Mississippi Circuit Court to compensate an alleged injury suffered by appellee in a collision between his automobile and appellants' passenger bus while traversing public highway number 18 on April 28, 1933. The trial resulted in favor of appellee and a consequent judgment in the sum of $3,000, from which this appeal comes.

The testimony on behalf of appellee, when viewed in the light most favorable to him, shows that on April 28, 1933, he was driving his automobile going from Blytheville to Dell and was driving at a moderate rate of speed when appellants' passenger bus, which was being driven in the opposite direction, ran into appellee's car and demolished it and inflicted upon appellee very serious and permanent injuries. Appellants do not contend that the jury's finding of liability is not supported by substantial testimony; therefore, on this phase of the case, little need be said. Appellants do contend, however, very earnestly that the jury's award of $3,000 is grossly excessive, and to dispose of this contention it is necessary to detail the testimony on this phase of the case at some length. Appellee testified that by the collision he was rendered unconscious; that when consciousness returned he was bleeding profusely and was very sick; that a big gash was cut upon his head just over the eyes; that his nose was mashed, some of his teeth knocked out, and that he was suffering severely from pains in his back and hips; that because of said injuries he was confined at his home

until May 3, 1933, when he entered a hospital at Blytheville; that during the interim appellee suffered severe pains in his back, hips and chest. Subsequently appellee entered Campbell's Hospital at Memphis, Tenn., where X-ray examinations were effected, and on or about July 6 he was put into a Bradsford Frame and remained therein for 21 days with weights suspended to his legs, during which time he suffered severely. Appellee further testified that prior to his alleged injuries he slept well at night without sedatives but since receipt of his injuries he has been required constantly to use sedatives to induce sleep and rest. Appellee has expended $1,005.95 for hospital fees, doctor bills and medicine.

Dr. J. L. Tidwell testified that he treated appellee subsequent to his injury in the car collision, and that in his opinion he is permanently injured. Dr. J. S. Speed, of the Campbell Hospital of Memphis, testified that appellee is suffering from hypertrophic and traumatic spondylitis, and that an operation is necessary to relieve him. Other testimony was heard, but the above suffices to show the trend of it.

The rule is well settled in this State that, if the verdict of a jury is supported by substantial testimony, it will not be disturbed on appeal. *Hayward* v. *Rowland,* 184 Ark. 766, 43 S. W. (2d) 737; *Halliburton* v. *Cannon,* 160 Ark. 428, 254 S. W. 687; *Mitchell* v. *Williams,* 162 Ark. 36, 257 S. W. 369.

It would be an infraction of the rule just stated for us to interfere with this verdict under the facts heretofore recited. The testimony is amply sufficient to support a verdict for $3,000, and no error is made to appear from this assignment.

Next appellants urge that the trial court erred in giving to the jury in charge appellee's requested instruction number 4 as follows: "Contributory negligence is the doing of something or the failure to do something, by the injured party, that a person of ordinary care, caution, and prudence would or would not have done, under the same circumstances and conditions, and, except for which, taken in connection with the negligence of the defendant, if any, the injury complained of

would not have occurred." No specific objection was made to this instruction in the trial court, and the error now complained of by appellant—that the instruction is misleading and confusing—could and would in all probability have been corrected by the trial court had his attention been directed thereto. This is made manifest because the trial court gave to the jury in charge and at appellant's request the following charges: "If you find that the plaintiff was negligently driving his car at such a high and reckless rate of speed on the highway at the time, taking into consideration all of the surroundings, facts and circumstances, that he did not have his car under such control that he could stop the same, and avoid injuring or colliding with any object that he might reasonably anticipate upon the highway, and that by reason of this fact the injury complained of was the result of his own contributory negligence, then it would be your duty to return a verdict for the defendant." And also by modifying appellant's requested instruction number 3 and giving it to the jury in charge as follows: "You are instructed that it was the duty of the plaintiff to do all in his power to avoid the collision with the defendant, notwithstanding the fact that the bus was on the left-hand side of the road or on the same side of the road on which he was traveling, and if you find, in the exercise of ordinary and reasonable care, that he could have stopped his car and avoided the collision and that he failed to do so, then he would be guilty of contributory negligence, and your verdict would be for the defendant."

The giving by the trial court of the last-quoted instructions demonstrates that the complained of error in instruction number 4 was merely an oversight of the trial court. Such error must be brought to the trial court's attention by specific objection, and will not be reviewed otherwise. *Tennyson* v. *Keef,* 172 Ark. 877, 291 S. W. 426; *Keith* v. *Drainage District,* 183 Ark. 384, 36 S. W. (2d) 59.

No error appearing, the judgment is affirmed.