GILLESPIE *v.* PRAIRIE COUNTY EQUALIZATION BOARD.

4-9983                                                      255 S. W. 2d 167

Opinion delivered February 23, 1953.

*Wood & Smith,* for appellant.

*John D. Thweatt* and *Cooper Thweatt,* for appellee.

WARD, Justice. The County Equalization Board of Prairie County raised the assessments on property located in the City of DeValls Bluff belonging to appellants, and fixed the amounts as set out below:

| Description | Assd. Value (20% of value) | Value |
|---|---|---|
| Glenn Hill— | | |
| Lot 10 Block 11, DeValls Bluff, Ark. | $2,000 | $10,000 |
| Roy Hill— | | |
| Lot 4, Block 43, DeValls Bluff, Ark. | 2,000 | 10,000 |
| C. E. McDuff— | | |
| Lot 9, Block 11, DeValls Bluff, Ark. | 2,000 | 10,000 |
| J. R. Rhodes— | | |
| Lot 7, Block 8, DeValls Bluff, Ark. | 2,200 | 11,000 |
| Gillespie— | | |
| Lots 7, 8, 9, and 10, Block A, Maxwell's Add., DeValls Bluff, Ark. | 1,400 | 7,000 |

The County Court and the Circuit Court, on successive appeals, refused to lower the assessments and so appellants have appealed to this Court.

Appellants make no contention that 20% is not the appropriate basis for assessment, and the only argument advanced here for a reversal is that their property was valued too high, and that the evidence does not support the judgment of the Circuit Court.

At one place appellants state that the issue before this Court is whether the Equalization Board has or has not placed an excessive value on their property, and again they ask us to reduce their assessments to conform to the evidence. If by this appellants mean we are to be guided by a preponderance of the evidence rule, they

are in error. On appeal in instances like this it is our duty to affirm the judgment of the trial court if it is supported by substantial evidence. *Doniphan Lumber Company* v. *Cleburne County,* 138 Ark. 449, 212 S. W. 308, was an appeal from the Circuit Court involving assessments and this Court there announced the rule applicable here as follows:

"Unless the undisputed facts in the case establish that the findings and judgment of the circuit court are erroneous, this court cannot reverse on appeal. The case falls within the general rule that the findings of the trial court will not be disturbed by this court on appeal where the findings are sustained by sufficient legal evidence." The above rule has been followed without exception in many decisions of this Court though not always in the same phraseology. In *Hayward* v. *Rowland,* 184 Ark. 766, 43 S. W. 2d 737, the Court said:

". . . it is only necessary in the instant case for us to examine the record sufficiently to ascertain whether the findings and judgment of the trial court are sustained by sufficient legal evidence."

Applying the rule announced above, we have concluded that the judgment of the trial court must be affirmed.

Appellants rely heavily on the testimony of Warren Baldwin, an experienced real estate man of Little Rock, who analyzed the type of construction and location of each building and gave it as his opinion that in each instance, which he described in detail, the property had a value of approximately one-half of that fixed by the Equalization Board. We deem it unnecessary to set out Mr. Baldwin's testimony in detail because we recognize his qualifications and the force of his testimony.

On the other hand, in view of our announced decision, we set out in more detail the testimony introduced by appellee to show that the judgment is supported by substantial evidence.

C. C. Hall, a member of the Equalization Board for fifteen years, says he made a detailed inspection of the

property belonging to Glenn Hill, Roy Hill and Carl McDuff, and each of said properties is worth $10,000 and he would pay that amount for them if he needed them, and that he considered the J. R. Rhodes property was not valued too high. J. H. Waggs, Chairman of the Board for twenty years, stated that in his opinion the Glenn Hill and Roy Hill properties were each worth $10,000, the McDuff property worth $11,000 and the Rhodes property worth $12,000, and that he had gone over the properties and discussed their values. J. H. Calhoun, a banker at DeValls Bluff, was familiar with loan values there and valued the Glenn Hill, Roy Hill and McDuff properties at $10,000 each. To the same effect was the testimony of Jim Crowley, who was in the business of making appraisements for loans in that vicinity, of C. R. Hartlieb, who was a banker at Hazen and had been in a bank at DeValls Bluff from 1941 to 1945, and of Mrs. E. B. Robinson, who has lived in DeValls Bluff all her life. John W. Bishop, a general contractor, testified he was familiar with the type of construction of the properties mentioned above and that in his opinion both the replacement and present values were greater than the values fixed by the Board.

The testimony regarding the Gillespie property, valued by the Board at $7,000, was not as voluminous or impressive, perhaps, as the testimony regarding the other properties, but we think it is ample to support the judgment of the trial court. C. C. Hall, J. H. Waggs and Mrs. E. B. Robinson all testified that they were familiar with this property and that it had a value of $7,000.

The judgment of the lower court is affirmed.

The *Chief Justice* not participating.